McGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

APPROXIMATELY $7,400.00 IN U.S. CURRENCY,

Defendant.

2:18-MC-00146-WBS-EFB

CONSENT JUDGMENT OF FORFEITURE

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On April 12, 2018, inspectors with the United States Postal Inspection Service ("USPIS") seized approximately $7,400.00 in U.S. Currency ("the defendant currency") from Leslie Southerland during a parcel interdiction at the Processing and Distribution Center located in West Sacramento, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about July 3, 2018, USPIS received a claim from Julie Bigelow ("Bigelow" or "claimant") asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on April 11, 2018, USPIS conducted a parcel interdiction at the Processing and Distribution Center located at 3775 Industrial Boulevard, West Sacramento, California. During the interdiction, law enforcement officials

1

identified a parcel that bore markers consistent with parcels used for shipping contraband, Priority Mail parcel #EK969762925US. The package was addressed to Leslie Southerland, P.O. Box 234216, Sacramento, California 95823, with the following return address: Julie Bigelow, 220 S Dodge Street, Kellogg, MN 55945.

4. The United States represents that it could further show at a forfeiture trial that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

5. The United States represents that it could further show at a forfeiture trial that on April 12, 2018, Leslie Southerland contacted law enforcement officials with USPIS regarding the parcel. Ms. Southerland said she received a notice in her P.O. Box advising her of the parcel. She told law enforcement she was expecting the parcel and it should contain a check for $7,500.00. Law enforcement said the parcel was rather large for a check. Ms. Southerland then said it may contain cash instead and gave consent to law enforcement to open Priority Mail parcel #EK969762925US. Inside the Priority Mail parcel was a U.S. Postal Service Priority Mail cardboard box. Inside the Priority Mail cardboard box was a bubble wrapped bundle. Inside the bubble wrapped bundle was U.S. currency totaling $7,400.00 rubber banded together and wrapped in foil. The currency consisted mainly of $20 bills, making up $5,700.00 of the $7,400.00 seized. The parcel did not contain any notes, receipts, or instructions.

6. Ms. Southerland said the parcel was sent from Bigelow and the contents were to help her purchase a vehicle. Law enforcement then contacted Bigelow who confirmed she sent the parcel, it contained about $7,500.00, and was intended for the purchase of a vehicle. Ms. Bigelow initially indicated the money was a long-term loan, but said they had not agreed on a time for repayment. She then said she was not sure if it would be paid back. Bigelow had no reasons for why she packaged the money the way she did. Law enforcement database searches revealed an extensive narcotic criminal history for Bigelow and multiple arrests for possession of controlled substances for Ms. Southerland.

7. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8. Without admitting the truth of the factual assertions contained above, Bigelow specifically denying the same, and for the purpose of reaching an amicable resolution and compromise

of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Bigelow acknowledged that she is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $3,700.00 of the Approximately $7,400.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $3,700.00 of the Approximately $7,400.00 in U.S. Currency shall be returned to claimant Julie Bigelow through her attorney Geoffrey G. Nathan.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED

Dated: October 18, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE